WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Lacey,<br><br>                       Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>                       Respondents. | No. CV-19-00073-TUC-LCK<br><br>**ORDER** |

Petitioner Lee Lacey has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before the Court are the Petition (Doc. 1), Respondents' Answer (Doc. 12), and Lacey's Reply (Doc. 15). The parties have consented to Magistrate Judge jurisdiction. (Doc. 11.)

**FACTUAL AND PROCEDURAL BACKGROUND**

Lacey was convicted in the Pima County Superior Court on one count of aggravated assault of a minor and one count of sexual abuse of a minor. (Doc. 12, Ex. H.) The court sentenced him to consecutive aggravated prison terms of 4.5 years and twenty years. (*Id.*, Ex. I.)

The Arizona Court of Appeals summarized the facts in support of Lacey's convictions:

> S.L. was thirteen years old when Lacey was living with her family between Halloween and Christmas 2012. On one occasion during those months, S.L. awoke to find Lacey rubbing her buttocks beneath her clothes, giving rise to the charge of aggravated assault, *see* A.R.S. § 13–1204(A)(6), and, sometime later between those same dates, Lacey grabbed her "boobs" under her clothing, *see* A.R.S. § 13–1404(A), (C).

(*Id.*, Ex. A ¶ 4.)

Lacey filed a Notice of Appeal, and his counsel filed an *Anders* brief. (*Id.*, Exs. J, K.) Lacey filed a pro se opening brief, and the Arizona Court of Appeals affirmed his convictions and sentences. (*Id.*, Exs. A, M.) Lacey's Petition for Review to the Arizona Supreme Court was denied. (*Id.*, Exs. N, O.)

## DISCUSSION

Lacey raises four claims: (1) the trial court sentenced him under the wrong statute to an excessive sentence in violation of the Eighth Amendment; (2) the trial court denied Lacey's right to present valid defenses in violation of the Sixth Amendment; (3) the trial court denied an interview or examination of witness Michael Lacey in violation of the Sixth Amendment; and (4) the State failed to establish Lacey's guilt beyond a reasonable doubt in violation of the Sixth, Seventh, and Fourteenth Amendments. (Doc. 1.) Respondents contend Claim 2 is not cognizable and Claims 1, 2, and 4 are procedurally defaulted. Respondents concede Claim 3 is properly exhausted and the Court will review it on the merits.

### LEGAL STANDARDS

### Principles of Exhaustion and Procedural Default

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may

be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy), *overruled on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1; *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

**The AEDPA**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) created a "highly deferential standard for evaluating state-court rulings' . . . demand[ing] that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The last relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold test under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006).

The Court has explained that a state court decision is "contrary to" the Supreme Court's clearly established precedents, under § 2254(d)(1), if the decision applies a rule that contradicts the governing law set forth in those precedents, thereby reaching a conclusion opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Williams*, 529 U.S. at 405-06; *see Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam). Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply." *Williams*, 529 U.S. at 407. For a federal court to find a state court's application of Supreme Court precedent "unreasonable," the petitioner must show that the state court's decision was not merely incorrect or erroneous, but "objectively unreasonable." *Id.* at 409; *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Visciotti*, 537 U.S. at 25. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as '"fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

**Claim 1**

Lacey alleges the trial court sentenced him under the wrong statute to an excessive sentence in violation of the Eighth Amendment. In particular, he alleges he should not have been sentenced for a dangerous crime against a child but should have been sentenced under A.R.S. § 13-702.

In his appellate brief, Lacey alleged his sentence violated "several of the protections of the United States Constitution made applicable to the States through the Fourteenth Amendment's Due Process Clause." (Doc. M at 37.) This vague allegation may not have fairly presented this Eighth Amendment claim to the state court; thus, the claim may be procedurally defaulted. Regardless, the Court denies the claim on the merits. 28 U.S.C. § 2254(b)(2).

The Arizona Court of Appeals denied the claim on the merits:

> Finally, we find no arguable merit to Lacey's claim that his sentences exceeded those authorized by A.R.S. § 13-705 for Dangerous Crimes Against Children. The transcript of Lacey's sentencing clearly shows the trial court sentenced him as a category three repeat offender pursuant to § 13-703, and not pursuant to the sentencing provisions in § 13-705. *See State v. Diaz*, 224 Ariz. 322, ¶ 16, 230 P.3d 705, 707-08 (2010) ("absent an express exclusion" in other applicable sentencing statute, state "may pursue enhanced penalties against a repetitive offender" under § 13-703).

(Doc. 12, Ex. A ¶ 11.)

The minute entry from Lacey's sentencing does not cite the statutes under which he was sentenced. However, it provides all the information necessary to review the sentences. The court stated that the sentences were based on its finding that Lacey was a category three repetitive offender with three prior felony convictions. (Doc. 12, Ex. I at 3-4.) As to Count 1, aggravated assault of a minor, the court listed it as a class six felony and imposed an aggravated term of 4.5 years. (*Id.* at 3.) As to Count 3, sexual abuse of a minor, the court listed it as a class three felony and imposed an aggravated term of 20 years. (*Id.* at 4.)

Lacey alleges he should be resentenced under A.R.S. § 13-702. That statute applies only to first-time felony offenders. Lacey does not dispute the trial court's finding, based on clear and convincing evidence, that he had eight prior convictions. (Doc. 12, Ex. I at 1-

4.) Thus, as relied upon by the sentencing court, he was properly sentenced as a repetitive offender under A.R.S. § 13-703. Subsection J provides the relevant sentences for a category three repetitive offender. Although the Court indicated it was imposing aggravated sentences, it imposed the maximum (not aggravated) sentences allowed under subsection J. A.R.S. § 13-703(J) (providing a maximum sentence of 4.5 years for a class 6 felony and 20 years for a class 3 felony). Because Lacey was sentenced within the allowed terms under Arizona law, based on his prior felony convictions, there is no factual basis for this claim. The Arizona Court of Appeals' denial of this claim was not objectively unreasonable.

**Claim 2**

Lacey alleges the trial court precluded him from presenting evidence relevant to his defense, including evidence of motive and alternative suspects, which violated his Sixth Amendment rights:[1]

> Michael Lacey's business was robbed and Michael Lacey thought Lee Lacey committed the theft. Also, both the alleged victim and supporting text messages show that people other than Lee Lacey committed the alleged crimes. . . . The court points out Mr. Boulier and a classmate may or may not have gotten the alleged victim pregnant. However, because the court denied evidence relating to the drug evidence, eliminated a major motive defense. As for the text messages, only "Mr. Lacey" would be shown them relating to Cheyenne's pregnancy text. Had Lee Lacey been allowed to argue either of these defenses, not allowed by the court, then it can be argued that reasonable doubt existed as to Lee Lacey's involvement.

(Doc. 1 at 9.)

At the end of a multi-page argument on this topic in his appellate brief (Issue Three), Lacey alleged that the evidence preclusion ran "afoul of the Constitutional right to present a complete defense" as discussed in a prior claim (Issue Two). (Doc. M at 33.) The prior claim did not raise a constitutional issue but was based solely on Arizona's Victim's Rights Act. (*Id.* at 27-29.) However, it incorporated the arguments and authorities cited in the first claim, which alleged a violation of Lacey's Sixth and Fourteenth Amendment rights to

---

[1] Respondents argue this claim is actually based on the Arizona Rules of Evidence and is, therefore, not cognizable. (Doc. 12 at 11.) Lacey does not cite any states rules or law in support of this claim. (Doc. 1 at 9.) The Court addresses it solely as a federal claim, which is how it is raised in the Petition.

- 6 -

present a complete defense. (*Id.* at 27.) As with Claim 1, those allegations may not have fairly presented this federal claim to the state court; therefore, it may be procedurally defaulted. Regardless, the Court denies the claim on the merits. 28 U.S.C. § 2254(b)(2).

The Arizona Court of Appeals found no merit to Lacey's challenges to the trial court's evidentiary rulings stating:

> For example, Lacey challenges the court's alleged preclusion, pursuant to A.R.S. § 13-1421, of "text messages that might reveal" that S.L. had other sexual partners. But the court permitted inquiry into S.L.'s relationship and text messages with M.B., another man living in the household at the time, based on Lacey's theory that S.L. had accused him in order to protect M.B. – even though S.L.'s father and the police were aware of those messages before Lacey was charged. *See* § 13-1421 (A)(3) (exception to preclusion of sexual reputation evidence for "evidence that supports a claim that the victim has a motive in accusing the defendant of the crime").
>
> . . . .
>
> Lacey also maintains the trial court should have admitted evidence that M.B. had been arrested for possession of dangerous drugs in January 2013, as well as cellular telephone records that allegedly would have shown M.B. was involved in drug transactions with M.L.'s customers, and evidence, if it existed, that methamphetamine had been stolen from M.L.'s shop a few days before M.B.'s arrest. As an initial matter, evidence of M.B.'s arrest and conviction for possession of dangerous drugs was admitted through his testimony. The court spent significant time reviewing the evidence, or lack of evidence, regarding the remaining allegations before determining the issues were potentially prejudicial, had little relevance, would confuse the issues before the jury, and would waste time. There is no arguable merit to this issue.

(Doc. 12, Ex. A ¶¶ 6, 8.)

The Petition lacks clarity as to the exact evidence Lacey believes should have been admitted. However, it appears he believes that he should have been allowed to present evidence that the victim had motive to identify him as the perpetrator because her father was angry at Lacey for stealing his drugs, and she wanted to deflect focus from a third-party with whom she was having a sexual relationship. First, as noted by the appellate court, the trial court admitted text messages between the victim and Boulier (regarding her possible pregnancy) and allowed Lacy to explore the victim's relationship with Boulier. Additionally, the trial court denied the State's request to preclude Lacey from relying on a third-party defense based on the culpability of Boulier. Because Lacey was allowed to

explore his theory that the victim identified him to protect Boulier (who Lacey alleged was the adult in a sexual relationship with the victim, not himself), there is no factual basis to the claim.

The remaining evidence that was precluded related to Lacey's theory that the victim identified him as the perpetrator because she knew that her father already was angry at Lacey because he may have stolen Michael Lacey's drugs. Criminal defendants are constitutionally entitled to present a complete defense, and that right "is abridged by evidence rules that 'infringe upon a weighty interest of the accused' and are 'arbitrary or disproportionate to the purposes they are designed to serve.'" *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *United States v. Scheffer*, 523 U.S. 303, 308 (1998)). However, trial judges are permitted by the Constitution to exclude evidence that is "repetitive," "marginally relevant[,] or poses an undue risk of harassment, prejudice, or confusion of the issues." *Id.* at 326-27 (quoting *Crane v. Kentucky*, 476 U.S. 683, 689-90 (1986) (affirming that Constitution accords States' power to exclude evidence through evidentiary rules designed for fairness and reliability)); *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996) (finding state evidentiary rules authorizing the exclusion of evidence that is overly prejudicial or cumulative, or that will confuse the issues, mislead the jury, or waste time do not violate a defendant's due process rights) (citing *Taylor v. Illinois*, 484 U.S. 400, 410 (1988); *Michigan v. Lucas*, 500 U.S. 145, 151 (1991)). The Supreme Court has stated repeatedly that it is reluctant to impose constitutional constraints on ordinary evidentiary rulings by state trial courts and has acknowledged that they have "wide latitude" under the Constitution to exclude evidence of limited relevance or substantial prejudice. *See Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *Crane v. Kentucky*, 476 U.S. 683 (1986).

Here, as stated by the court of appeals, the trial court precluded evidence about the theft of Michael Lacey's drugs after concluding it was of minimal relevance and prejudicial, and for those reasons its admission would waste time and create confusion for

the issues necessary to the jury's decision-making. Lacey offers a conclusory allegation that this evidence would have created reasonable doubt as to his guilt. However, he fails to undermine the trial court's basis for excluding the evidence. Presenting evidence that Michael Lacey was a drug dealer would have been prejudicial and of minimal relevance to the charges against Lacey (it also would have left an impression that Lacey may have been a thief and/or drug dealer). The court allowed a portion of this defense, that the victim had a motive to identify Lacey to protect Boulier. This evidence was relevant to the charges against Lacey based on intercourse with the victim (of which he was acquitted) because the victim's father confronted her about a possible pregnancy. In contrast, the victim had little motive to tell her father that Lacey touched her in other ways. Thus, it held very little relevance to the charges of which he was convicted. Lacey has failed to establish that the exclusion violated his right to due process. At a minimum, the state court's denial of this claim was not an unreasonable application of clearly established Supreme Court law.

**Claim 3**

Lacey alleges his Sixth Amendment rights were violated by the state court's designation of Michael Lacey as a victim, which precluded Lacey from interviewing or examining him at trial. Lacey contends there was insufficient evidence to establish Michael Lacey as S.L.'s parent or guardian, thus, he was not entitled to victim status.

The Arizona Court of Appeals found this claim to be without merit:

> With respect to discovery, he maintains the court should have compelled S.L.'s father, M.L., to submit to a defense interview, notwithstanding A.R.S. § 13-4433(G), which permits the parent of a minor victim to refuse. *See Lincoln v. Holt*, 215 Ariz. 21, ¶ 14, 156 P.3d 438, 443 (App. 2007). Lacey suggests S.L. [*sic*] was not entitled to the statute's protection because he was not S.L.'s "biological" father; because no court previously entered a finding of paternity; or, because, Lacey maintains S.L.'s birth certificate is "void." But the court heard evidence that M.L. was married to S.L.'s mother when S.L. was born in Florida, establishing a presumption of paternity that has not been challenged in any paternity proceeding. *See* A.R.S. § 25-814(A)(1), (C); Fla. Stat. Ann. § 382.013(2)(a); *Fla. Dep't of Revenue v. Cummings*, 930 So. 2d 604, 607 (Fla. 2006) (presumption that child born during marriage is child of both husband and wife is one of strongest rebuttable presumptions).

(Doc. 12, Ex. A ¶ 5.)

Lacey's argument, that he was unable to examine Michael Lacey "on the stand." is erroneous because Michael Lacey was called as a witness at trial and Lacey's counsel cross-examined him before the jury. (*Id.*, Ex. Q.) Further, a federal habeas court will not "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, this Court does not evaluate whether Michael Lacey was entitled to victim status under Arizona law. The only federal question is whether Lacey's inability to interview Michael Lacey prior to trial violated his right to present a complete defense.

First, the Due Process Clause guarantees a "meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). However, "a defendant's right of access to a witness 'exists co-equally with the witnesses' right to refuse to say anything.'" *United States v. Black*, 767 F.2d 1334, 1338 (9th Cir. 1985) (finding no violation when witness refused interview) (quoting *United States v. Rice*, 550 F.2d 1364, 1374 (5th Cir. 1977)); *see also Cacoperdo v. Demosthenes*, 37 F.3d 504, 509 (9th Cir. 1994) (finding no Sixth Amendment violation when witness chose not to be interviewed); *United States v. Pinto*, 755 F.2d 150, 152 (10th Cir. 1985). There is no clearly established federal law holding that a defendant's inability to interview a witness (whether or not designated as a victim) violates the Sixth Amendment. Therefore, Petitioner cannot obtain relief under the AEDPA. *See Musladin*, 549 U.S. at 74-77; *Brewer v. Hall*, 378 F.3d 953, 955 (9th Cir. 2004) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law.").

Even if Lacey's inability to interview a witness rose to the level of a constitutional violation, he would have to show he was deprived of evidence "that would have been 'relevant and material [and] vital' to his defense." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867, 874 (1982) (requiring, for violation of constitutional right to compulsory

process, denial of "material, favorable" evidence by absence of witness); *see Cacoperdo*, 37 F.3d at 509. Lacey has not identified any evidence he was unable to present or develop due to the denial of a pretrial interview with Michael Lacey.

The state court's denial of this claim was not objectively unreasonable.

**Claim 4**

Lacey alleges the State failed to establish his guilt beyond a reasonable doubt in violation of the Sixth, Seventh, and Fourteenth Amendments. Although unstated, this claim challenges Lacey's conviction solely on Count 1, aggravated assault. (Doc. 1 at 11.) The basis of this charge was Lacey touching the victim under her clothes on her buttocks. (Doc. 12, Ex. A at 5.)

In his appellate brief, Lacey alleged there was insufficient evidence to support the guilty verdict on Count 1. In support, he cited three Arizona cases but did not cite the Constitution or any rights deriving therefrom. (Doc. M at 29-30.) The cited cases all involved application of Arizona Rule of Criminal Procedure 20, which governs motions for directed verdict at trial. Although some of those cases cited federal law, none of them mentioned or applied the Constitution. Although the relevant Arizona and federal standards are similar, Lacey may have failed to fairly present this claim; therefore, it may be procedurally defaulted. Regardless, the Court denies the claim on the merits. 28 U.S.C. § 2254(b)(2).

The trial court instructed the jury on the elements for Count 1:

The crime of aggravated assault of a minor under fifteen requires proof of the following:

1. The Defendant intentionally, knowingly, or recklessly caused a physical injury to another person,

   Or

2. Knowingly touched another person with the intent to injure, insult, or provoke that person

   And

- 11 -

3. The defendant was eighteen years of age or older and the person assaulted was fifteen years of age or under.

(*State v. Lacey*, CR 2013-0881, 6/17/16 Final Jury Instructions at 14.)[2]

The Arizona Court of Appeals made a general finding that the evidence, "viewed in the light most favorable to sustaining the verdicts" was sufficient to support the jury's findings of guilt. (Doc. 12, Ex. A at 2.) The appellate court subsequently noted that, although the statute included two sets of elements that could amount to aggravated assault, the trial evidence satisfied only one set of the elements: "knowingly touched another person with the intent to injure, insult, or provoke that person." (*Id.* at 5.) The court rejected Lacey's argument that there was no evidence of intent, rather it found substantial evidence of intent "in touching S.L.'s back and buttocks while she slept – and then telling her, after she woke and objected, 'not to tell anybody.'" (*Id.* at 5-6 n.4.)

On habeas review, the "rational factfinder" standard is used to determine whether there is sufficient evidence to support a state court's finding of the elements of the crime. *See Lewis v. Jeffers*, 497 U.S. 764, 781 (1990). The question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A habeas court "faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution." *Id.* at 326; *see also Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004). Further, the Court applies a double-deference standard under the AEDPA. Therefore, "[a] state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the 'decision was objectively unreasonable.'" *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011)).

---

[2] The jury instructions were obtained from the Pima County Superior Court website: http://www.agave.cosc.pima.gov/AgavePartners/.

The appellate court acknowledged there was no evidence of physical injury but concluded there was sufficient evidence to find guilt based on elements 2 (knowingly touching with intent to "injure, insult, or provoke") and 3 (victim under 16 years of age). Because a jury could find guilt based on element 1 OR 2, Lacey's argument that there was no evidence of physical injury as required for element 1 is irrelevant. Based on the trial evidence cited by the appellate court – the victim was 13 at the time of the offense and Lacey told the victim not to disclose that he touched her bare buttocks – a rational juror could have found that Lacey acted with the requisite intent for aggravated assault of a minor. At a minimum, the court of appeals' denial of this claim was not objectively unreasonable in light of the evidence and the definition of the crime. Therefore, Lacey is not entitled to relief on this claim.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability (COA) at the time it issues a final order adverse to the applicant. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. *Id.* The Court finds that reasonable jurists would not find this Court's procedural rulings or merits rulings debatable. Therefore, a COA will not issue.

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

- 13 -

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability.

Dated this 31st day of July, 2020.

*[Signature]*
Honorable Lynnette C. Kimmins
United States Magistrate Judge